# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ROBERT G. MCGOWAN, #245228,)

           )    CIVIL ACTION NO. 0:06-1464-JFA-BM

       Petitioner,  )

           )

v.             )

           )

WARDEN, WATEREE    )

CORRECTIONAL INSTITUTION; )    **REPORT AND RECOMMENDATION**

STATE OF SOUTH CAROLINA; )

HENRY MCMASTER,     )

ATTORNEY GENERAL for   )

SOUTH CAROLINA;      )

           )

       Respondents. )

_____)

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The <u>pro se</u> petition was filed on May 11, 2006.[1]

       The Respondents filed a return and motion for summary judgment on August 7, 2006.

As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was filed on August 10, 2006, advising the

Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for

summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the

motion for summary judgment may be granted, thereby ending his case. The Petitioner thereafter

filed responses in opposition to Respondents' motion for summary judgment on August 16**,** 2006,

and on August 31, 2006. This matter is now before the Court for disposition.[2]

---

[1]Filing date under <u>Houston v. Lack</u>, 487 U.S. 266 (1988). <u>See</u> Order filed May 17, 2006.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



## **Procedural History**

Petitioner was indicted in May 1997 in Horry County for assault and battery with intent to kill ("ABIK")and Resisting Arrest with a Deadly Weapon.  (R.pp. 3, 739-740).  Petitioner was represented by Paul Larkin, Esquire, and after a jury trial beginning November 3, 1997, Petitioner was found guilty as charged.  (R.pp. 1-583).  Petitioner was sentenced to twelve (12) years for ABIK and ten (10) years, concurrent, for resisting arrest.  (R.pp. 589, 741-742).  Petitioner's counsel moved for a new trial on November 11, 1997;  (R.pp. 590-595); and after a hearing on November 20, 1997, the trial judge denied the motion.  (R.pp. 596-604).

Petitioner filed a timely notice of appeal.[3] Petitioner was represented on appeal by M. Anne Pearce, of the South Carolina Office of Appellate Defense, who raised the following issues:

> 1.  Whether appellant was entitled to a directed verdict of acquittal as to assault and battery with intent to kill on the ground that he was lawfully resisting an illegal arrest.
>
> 2.  Whether appellant was entitled to a directed verdict of acquittal as to resisting arrest with a deadly weapon on the ground that he was lawfully resisting an illegal arrest.

See Petition, p. 3.

The South Carolina Court of Appeals affirmed by memorandum opinion on December 9, 1999.  State v. McGowan, Unpub. Op. No. 99-UP-626 (S.C.Ct. App. 1999).  On December 22, 1999, Petitioner's counsel filed a petition for rehearing, which the Court of Appeals denied on January 19, 2000.

Petitioner then filed a Petition for Writ of Certiorari with the state Supreme Court on February 18, 2000, raising the following issues:

---

Rule 73.02(B)(2)(c) and (e), D.S.C.  The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Petitioner also filed an application for post-conviction relief ("APCR") on June 18, 1998; (R.pp. 606-612); which was dismissed, without prejudice, on December 4, 1998, since his direct appeal was still pending.  (R.pp. 736-737).



1.  Did the Court of Appeals erroneously hold that petitioner was not entitled to a directed verdict of acquittal as to assault and battery with intent to kill where the evidence showed as a matter of law that the underlying arrest was unlawful?

2.  Did the Court of Appeals erroneously hold that petitioner was not entitled to a directed verdict of acquittal as to resisting arrest with a deadly weapon where the evidence showed as a matter of law that the underlying arrest was unlawful?

See Petition, p. 2.

After hearing oral argument, the South Carolina Supreme Court affirmed the decision of the South Carolina Court of Appeals. State v. McGowan, 557 S.E.2d 657 (S.C. 2001). The Remittitur was sent down on January 8, 2002.

Petitioner then filed a second APCR on December 27, 2001. Petitioner asserted the following claims in his APCR:

(9)    (a) Ineffective Assistance of Counsel;

(b) Prosecutorial misconduct/perjury;

(c) Conspiracy to violate United States law and state law;

(d) Violation due process;

(e) Violation equal protection;

(f) Jury tampering;

(g) Vindictive & malicious prosecution;

(h) Violation of Fourth, Fifth and Sixth Amendments;[4]

(10)    (a) Ineffective assistance of counsel;

(b) Trial counsel failed to move to suppress evidence as a result of an unlawful detention;

---

[4]Ground mis-numbered in Petition as "(f.)".

3



(c) Trial counsel failed to move to suppress evidence unlawfully obtained;

(d) Trial counsel failed to request a <u>Jackson v Deno</u> hearing;

(e) Trial counsel failed to interview or subpoena witnesses for the prosecution;

(f) Trial counsel failed to object to inflammatory comment concerning a tatoo on the defendant that bore no relation to crimes charged;

(g) Trial counsel failed to object to hearsay testimony;

(h) Trial counsel failed to proffer exculpatory evidence controverting the State' version of the Fourth Amendment issue at bar;

(i) Trial counsel failed to personally sign Brady and Rule 5 Motion thus resulting in violation;

(j) Trial counsel failed to effectively cross-examine key police witnesses in regards to Fourth Amendment and Fifth Amendment violations;

(k) Trial counsel failed to object and effectively argue tardy Brady violation.

(l) Trial counsel failed to object to prejudicial courtroom theatrics;

(m) Trial counsel effectively suppressed exculpatory evidence;

(n) Trial counsel was generally ineffective;

(o) Trial counsel wilfully and maliciously conspired with and or aided and abetted other governmental actors inn violating this applicant/defendant' U.S. and S.C. Constitutional rights while acting under color of state law;

(p) The prosecution failed to produce prior to trial any exculpatory evidence in their possession;

(q) The prosecution failed to provide information that police officer witness Mills was currently under investigation for and had previously been under investigation for police misconduct and

4



excessive force;

(r) The prosecution displayed unethical and prejudicial courtroom theatrics;

(s) The prosecution failed to protect and uphold the applicant/ defendant' U.S. and S.C. Constitutional rights, equal protection of the law, privacy, excessive force, to bear arms, to regain freedom and possession, due process, fair trial, life and liberty as well as pursuit of happiness;

(t)  The prosecution wilfully and maliciously conspired with, organized, aided and abetted and directed other governmental actors in violating this applicant's U.S. and S.C. Constitutional rights while acting under color of state law;

(u)  Such and further reasons as may be discovered concerning ineffective assistance of counsel, prosecutorial misconduct and conspiracy;

(v)  Jury tamppering/perjury, Juror ("512.") to ("51,");

(w)  Appellate counsel failed to raise prosecutor objection to (G.S.R.) gun shot residue kit, that was brought up on redirect, when prosecutor said it "was not" "brought up, on redirect." And therefore suppress hard evidence proving innocence of petitioner.

See PCR Petition, pp. 2-3 (and attachments).

An evidentiary hearing in Petitioner's APCR was held on April 29, 2004, at which

Petitioner was present and represented by Paul Archer, Esquire.  (R.pp. 617-734).  On June 22, 2004,

the PCR judge filed an order rejecting Petitioner's claims and dismissing the APCR in its entirety.

(Supp.Appx., pp. 13-18).

Petitioner filed an appeal of the denial of his APCR, on which he was represented by

Robert M. Pachak, of the South Carolina Office of Appellate Defense.  On December 15, 2004,

Petitioner's counsel filed a Johnson[5] petition seeking to be relieved as counsel and raising the

---

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).



following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner failed to carry his burden of proof?

<u>See</u> Petition, p. 2.

Petitioner filed a <u>pro</u> <u>se</u> response to the <u>Johnson</u> petition for writ of certiorari, raising the following

additional issues:

1. Ineffective assistance of counsel.

2. Petitioner's counsel failed to argue <u>Brady</u> from County Records on officer James D. Mills' substance abuse.

3. Counsel failed in obtaining James D. Mills' Myrtle Beach police records.

4. Petitioner argues: I want Juror (fifty one,) 51, not Jury (Five one two) 512.

5. Petitioner argues Late Brady.

6. Petitioner argues that I was convicted with hearsay, not evidence.

7. Petitioner argues, ineffective counsel Paul Larkin did not subpoena any witnesses.

<u>See</u> Petition, pp. 1-2.

On March 8, 2006, the South Carolina Supreme Court denied the petition and granted counsel's

request to withdraw.   <u>See</u> Order filed March 8, 2006.  The Remittitur was sent down on March 24,

2006.

> In his <u>pro</u> <u>se</u> Petition for writ of habeas corpus in the United States District Court,

Petitioner raises the following claims:

**Ground One:**  Ineffective Assistance of Counsel.

**Ground Two:** In the Court of Common Pleas for PCR, Petitioner attempted preservation of evidence.

**Ground Three:** Solicitor withholding <u>Brady</u> & Juror tampering because investigating



agency held evidence until Court started.

**Ground Four:** On Late Brady Police Reports, S.L.E.D. Reports, Gun Shot Residue and S.L.E.D. Reports on Off. James D. Mills and Off. J.J. Costello perjured statements.

See Petition, pp. 6-11.

### Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of his Petition, Petitioner contends that his trial counsel was ineffective for failing to subpoena and call as witnesses two of his neighbors, Phil Johnston and Larry Johnson. Petitioner also claims that his PCR counsel had affidavits from these two witnesses, but never presented them in his PCR proceedings. Petitioner has submitted a copy of an affidavit from Larry Johnson in which Mr. Johnson states that prior to hearing the gunfire at Petitioner's residence, he



heard no "unusual activities or disturbances." See Johnson Affidavit. Petitioner has also submitted a copy of an affidavit from P.J. Johnston in which Mr. Johnston states that his home is very close to Petitioner's home and that he did not hear any disturbances or excessive noise on the night of the incident. See Johnston Affidavit. Petitioner contends that the testimony of these two witnesses show that he was not disorderly.

Respondents do not dispute for purposes of summary judgment that this issue was raised at Petitioner's PCR hearing, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected Petitioner's ineffective assistance of counsel claims, and made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See McGowan v. State of South Carolina, No. 01-CP-26-6444. Specifically, the PCR judge found: 1) no support in the record for Petitioner's claims of ineffective assistance of counsel[6]; 2) counsel discussed the case and the discovery thoroughly with the Petitioner; 3) that counsel thoroughly cross-examined the officers and the victim in the case regarding the events in question, and challenged the arrest of the Petitioner; 4) no probative evidence supported Petitioner's claims about the victim's violent tendencies as they relate to his case; 5) that there was no probative showing of what additional evidence trial counsel could have uncovered with additional investigation of the crime scene, with additional witnesses, or with a forensics expert; 6) that trial counsel testified the only witnesses he could recall being mentioned to him were several people who resided out of state; 7) that the trial in this case was well done by both sides; 8) that the trial basically came down to the

---

[6]The PCR judge took judicial notice of trial counsel's current suspension from the practice of law and the reasons therefor, which were unrelated to the Petitioner's case or claims. In re Larkin, 520 S.E.2d 804 (S.C. 1999).



Petitioner's testimony against that of several  police officers and the victim, and the jury chose to believe the officers and the victim; and 9) that the arrest was a lynchpin issue in Petitioner's trial and trial counsel's focus on that issue was reasonable and proper.  (Supp.App., pp. 15-17).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect



to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

After careful review of the record in this case and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. With respect to witnesses, Petitioner's trial counsel testified at the PCR hearing that he only

10



remembered someone who had moved to Texas or Florida to whom he may have talked by telephone, but that he did not remember if the witnesses had much to add or if the defense could even get them to come back to South Carolina to testify.  Counsel could not recall whether he simply did not interview neighbors or if they did not have any favorable information, but testified that a large part of Petitioner's defense to the accusations that Petitioner was disorderly was that one of the officers who initially responded felt comfortable enough to leave the scene.  (R.pp. 716-717).  Counsel also testified that one of the hurdles Petitioner had to overcome was that he admitted he initially lied to the officers about what had occurred earlier in the evening, which called into question his credibility.  In fact, Petitioner  conceded at his PCR hearing that he had fabricated a story to the police.  (R.p. 634).  Therefore, Petitioner's credibility was  an issue in the case. Petitioner's counsel testified that the main argument he made to discount the disorderly conduct accusations was that an officer left the scene, because if Petitioner had been disorderly, it would have been unreasonable for the officer to have left another officer alone.

The PCR court found that counsel did an adequate investigation and shared the results with the Petitioner, and that Petitioner failed to provide a "probative showing of what additional evidence counsel could have uncovered with additional investigation of the crime scene or with additional witnesses.  (Supp.App., pp. 16-17).  The undersigned does not find a basis in this record to overturn the findings of the State Court.  Evans, 220 F.3d at 312.   While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689.  As for Petitioner's neighbors, these witnesses do not even allege that they witnessed the event, but merely state that they did not hear any disturbance.



Petitioner has not shown that, even if these two witnesses had been presented, the outcome of his trial would have been different, and his arguments to the contrary are mere speculation. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

        In sum, upon a review of the record in the file consistent with the applicable caselaw, I do not find that the Petitioner was denied effective assistance of counsel.  Petitioner has not shown his counsel was deficient on this basis, nor has he shown the necessary prejudice.   Strickland v. Washington, supra. Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra.  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].   Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].



## II.

In Ground Two of his Petition, Petitioner complains that his PCR counsel did not present the affidavits to the Court for review. However, there is no constitutional right to effective assistance of counsel in state post-conviction proceedings; see generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Coleman v. Thompson, 501 U.S. 722, 725 (1991); and Petitioner's complaints about alleged infirmities in his PCR proceedings do not, therefore, state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]. This claim is without merit and should be dismissed.

## III.

In Ground Three of his Petition, Petitioner asserts claims concerning the withholding of Brady[7] evidence, including pictures and 911 tapes, and jury tampering. In Ground Four, Petitioner contends that the solicitor committed Brady violations with regard to SLED reports, alleged substance abuse of an officer, and Petitioner's gunshot residue test. Respondents contend that these issues are procedurally barred from consideration by this Court, as Petitioner failed to raise them in his state court proceedings. The undersigned agrees.

To avoid a procedural default, an issue must be presented face up and squarely to the South Carolina Supreme Court on certiorari review. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the

---

[7]Brady v. Maryland, 373 U.S. 83 (1963). Brady generally provides that the Government cannot withhold evidence favorable to the accused.



'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)). Here, Petitioner did not raise these issues in his direct appeal, and in his PCR proceedings Petitioner did not raise these issues as freestanding claims. Rather, Petitioner mentioned these issues only as part of his underlying ineffective assistance of counsel claims. Petitioner's PCR counsel also argued these claims only in the context of an ineffective assistance of counsel claim, and they were ruled on as such by the PCR judge. Therefore, the substantive claims presented in Grounds Three and Four of this federal Petition (other than in an ineffective assistance of counsel context) were not preserved for review before the state supreme court during the PCR appeal, regardless of whether Petitioner mentioned some of these claims in his pro se filing there. Plyer v. State, 424 S.E.2d 477, 478 (S.C. 1992)[issue must be both raised to and ruled on by PCR judge to be preserved for appellate review].

Since Petitioner did not raise these claims in the state court, they would now be barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted for purposes of this Court's review. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted



if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Therefore, since these issues were not pursued by the Petitioner as freestanding issues in either his direct appeal or in his APCR, federal habeas review of these claims as freestanding issues is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner did not respond to Respondents' argument that no cause has been shown for his default. Therefore, he has failed to show cause for his procedural default on these issues. Nor has Petitioner set forth any arguments which demonstrate that a fundamental miscarriage of justice will occur if these claims are not considered. Hence, to the extent that these claims are raised as freestanding



issues, they are procedurally barred from consideration by this Court and should be dismissed. Id.; see 28 U.S.C. § 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Further, even if considered as ineffective assistance of counsel claims, they are without merit. As previously discussed, the PCR court made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended, and rejected Petitioner's ineffective assistance of counsel claims. See McGowan v. State of South Carolina, No. 01-CP-26-6444. This finding was not unreasonable under Evans. The record reflects that Petitioner's trial counsel requested a 48 hour continuance when he was provided with some pictures and audiotapes at a pretrial hearing. The Solicitor responded that he had just received the material and was in the process of duplicating it. The State also argued that all of the pictures were of the Petitioner's house, to which he had access, and that the audiotapes were brief, lasting only a few minutes. Petitioner's counsel then commented that it would actually be advantageous to use the State's pictures rather than his own, and the trial court noted that the defense would have all evening



to look at the evidence. (R.pp. 88-90). At the PCR hearing, Petitioner complained about this and asserted that one of the pictures showed his shirt "pink" with blood, which would have supposedly buttressed his claim that he was in the bathroom washing the mace and blood off, and not in a gun battle with the officer. (R.pp. 630-631, 641-642). Petitioner's trial counsel testified at the PCR hearing that the pictures were actually better for the defense than the ones he had made and planned to use, and that while he could not specifically recall going over each bit of evidence with the Petitioner, that Petitioner was out on bond and easily accessible. (R.pp. 712-715).

        The Respondents correctly argue that, since the pictures and tapes were turned over prior to trial, there was no suppression, and thus no <u>Brady</u> violation with respect to this evidence. <u>United States v. Gonzales</u>, 90 F.3d 1363, 1368 (8th Cir. 1996)["Where the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during the trial, <u>Brady</u> is not violated."]. In any event, the record reflects that Petitioner's counsel requested a continuance, which was denied by the trial court. Petitioner has not shown how his counsel was ineffective in his handling of this matter. Nor has Petitioner shown prejudice, since Petitioner's counsel testified that the pictures were advantageous to the defense and did not testify that the late discovery was overly burdensome. Furthermore, Petitioner did not produce the pictures at his PCR hearing or here, nor has he specifically alleged how he was supposedly prejudiced by this material. Petitioner does not even claim that this material was not produced. <u>See, e.g.,</u> <u>Lockhart v. McCotter</u>, 782 F.2d 1275, 1282 (5th Cir. 1986)[habeas corpus petitioner did not establish prejudice because he failed to allege what exculpatory evidence would have been produced had counsel made a <u>Brady</u> motion]; <u>Cf</u> <u>United States v. Robinson</u>, 585 F.2d 274, 281 (7th Cir. 1978)["It is simply impossible for a court to rule on an alleged <u>Brady</u> violation unless a defendant identifies with reasonable particularity the evidence

17



to be considered."].  This claim is without merit.

With regard to Petitioner's allegation concerning an officer having a substance abuse or other personnel problems, Petitioner's counsel testified that he received the officer's personnel file and that his personnel records did not reveal any violence, charges, suspensions, or anything like that. (R.pp. 710-711).  Petitioner's trial counsel testified that there was nothing else in the record, and that anything else was just rumor.  (R.pp. 710-712).  In any event, counsel testified that he made a <u>Brady</u> request and received this material. (R.p. 710). Petitioner has not presented any evidence to show that there was additional evidence which his counsel should have and could have discovered which would have affected the outcome of his case.  Therefore, he has not shown any prejudice.

With regard to the gunshot residue test, Petitioner's counsel testified that Petitioner's contention was that he was holding the shotgun when the victim fired, shot him through the finger and hand, and that the weapon discharged while it was in his possession.  (R.pp. 705-706).  Counsel testified that he did not pursue the gunshot residue test because it was not disputed that Petitioner was holding the gun when it went off.  The PCR judge did not find Petitioner's counsel ineffective on this claim, and there is no basis in the record to overturn the findings of the State Court. <u>Evans</u>, 220 F.3d at 312.

Finally, with regard to a jury strike, Petitioner contends that his counsel was ineffective for allowing the sister-in-law of the Horry County Sheriff to be placed on the jury. The record reflects that the Sheriff's Department was not involved in this case, and that the juror at issue stated that she could be impartial. (R.pp. 101-102). Petitioner's counsel testified at the PCR hearing that he was out of strikes at the time.  Further, in Horry County, the sheriff's office only does things like serving process - it is an office separate and distinct from the Horry County Police Department,



which does the more typical law enforcement duties and for which the victim worked. (R.pp. 707-709). Petitioner's trial counsel testified that if the Sheriff's Department had been involved in Petitioner's case then he would have made a motion with respect to this juror. (R.p. 709). For his part, Petitioner has not shown that the Sheriff's Department was involved in his case, nor has he shown any prejudice in his counsel failing to move to excuse this juror for cause. Petitioner has also not shown the likelihood that even if counsel had made such a motion, it would have been granted since the Court already had the evidence before it that the juror was related to the Sheriff and found her qualified after she stated that she could put that aside and be impartial and fair. (R.pp. 101-102).

Upon a review of the record in the file consistent with the applicable caselaw, I do not find that the Petitioner was denied effective assistance of counsel. Petitioner has not shown his counsel was deficient on these grounds, nor has he shown the necessary prejudice. <u>Strickland v. Washington</u>, <u>supra</u>. Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on these grounds is without merit, and should be dismissed. <u>Fisher</u>, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## Conclusion

Based on the foregoing, it is recommended that Respondents' motion for summary

19



judgment be **granted**, and that this federal Petition be **dismissed**, with  prejudice.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February  7,  2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

