IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Robert G. McGowan, #245228, ) | |
| ) | Civil Action No.: 0:06-1464-JFA-BM |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER DISMISSING § 2254 PETITION** |
| ) | **AND GRANTING RESPONDENTS' MOTION** |
| Warden, Wateree Correctional ) | **FOR SUMMARY JUDGMENT** |
| Institution; State of South Carolina; ) | |
| Henry McMaster, Attorney General ) | |
| for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The *pro se* petitioner, Robert G. McGowan, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. McGowan is incarcerated at the Wateree River Correctional Institution of the South Carolina Department of Corrections. McGowan filed the present petition on August 16, 2005.

In accordance with this court's order of reference, this matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or

1

> recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The United States Magistrate Judge has filed a comprehensive Report and Recommendation suggesting that the §2254 petition should be dismissed without an evidentiary hearing and that respondents' motion for summary judgment be granted. The Report thoroughly summarizes the facts and procedural history of the petitioner's claims, and therefore such will not be repeated herein.

The petitioner was apprised of his right to file objections to the Report and Recommendation and has done so in a 6-page memorandum filed with the Clerk on March 8, 2007. Therefore, this matter appears ripe for resolution.

### BRIEF PROCEDURAL HISTORY

The petitioner was indicted in May 1997 in Horry County for assault and battery with intent to kill and resisting arrest with a deadly weapon. A jury found petitioner guilty as charged and he was sentenced to 12 years and 10 years concurrently. His motion for a new trial was denied and petitioner filed a timely notice of appeal. The South Carolina Court of Appeals affirmed the conviction and petitioner's subsequent petitions for rehearing and for

Writ of Certiorari were denied. The remittitur of the South Carolina Supreme Court was sent down on January 8, 2002.

Petitioner filed a second application for post-conviction relief[1] raising numerous claims of ineffective assistance of counsel, prosecutorial misconduct, violation of due process, malicious prosecution, jury tampering, and *Brady* violations. Petitioner's direct appeal of the denial of his APCR was denied, as well as his petition for Writ of Certiorari to the South Carolina Supreme Court. The petitioner then filed the instant petition on May 11, 2006.

### GROUNDS FOR RELIEF

The petitioner raises the following claims in his habeas petition:

Ground One:     "Ineffective assistance of counsel."

Ground Two:     "In the Court of Common Pleas for PCR, petitioner attempted preservation of evidence."

Ground Three:   "Solicitor withheld Brady & juror tampering because investigating agency held evidence until Court started."

Ground Four:    "On Late Brady Police Reports, S.L.E.D. Reports, Gun Shot Residue and S.L.E.D. Reports on Off. James D. Mills and Off. J.J. Costello perjured statements."

### GROUND ONE

As to Ground One, petitioner contends that his trial counsel was ineffective for failing to subpoena and call as witnesses two of his neighbors whose testimony would allegedly

---

[1] The first application for post-conviction relief was dismissed without prejudice due to the fact that petitioner's direct appeal was pending.

3

have shown that he was not disorderly. Respondent assert that the PCR judge rejected the ineffective of assistance of counsel claims and as such, these claims were adjudicated on the merits by the South Carolina state court.

As the Magistrate Judge notes in his Report, this court's review of petitioner's claims is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 120 S.Ct. 1495 (2000). Federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Using the two-prong test as outlined in *Strickland*[2] to determine whether counsel was constitutionally ineffective, the Magistrate Judge opines that petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. This court agrees with the Magistrate Judge that petitioner's counsel was not deficient, nor has he shown unnecessary prejudice, and also that petitioner failed to show that the state court's rejection of this claim was unreasonable. Accordingly, this claim is without merit and is dismissed.

### GROUND TWO

Ground Two is also without merit and should be dismissed. As the Magistrate Judge correctly concludes, petitioner's complaints about his counsel at his state PCR proceedings

---

[2] *See Strickland v. Washington*, 466 U.S. 668, 698 (1984).

4

do not state a basis for federal habeas relief and there is no constitutional right to effective assistance of counsel in a state post-conviction proceeding. *See generally, Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

### GROUNDS THREE AND FOUR

Petitioner's third ground claims that *Brady*[3] evidence was withheld, and there was jury tampering. Ground Four asserts that the solicitor committed *Brady* violations. Respondents contend, and the Magistrate Judge concurs, that these issues are procedurally barred from consideration by this court because petitioner failed to raise them in his state court proceedings. The undersigned agrees, and thus finds that both Grounds Three and Four are precluded from federal review. The court further finds that petitioner has failed to show cause and prejudice or actual innocence, nor has he demonstrated that a fundamental miscarriage of justice will occur if these claims are not considered. Therefore, these claims must be dismissed.

### CONCLUSION

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the Report and Recommendation of the Magistrate Judge, together with the plaintiff's objections thereto, and finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963). Brady generally provides that the government cannot withhold evidence favorable to the accused.

5

reference. The petitioner's objections essentially repeat the same arguments made earlier in this matter and considered by the Magistrate Judge in his Report. As such, the undersigned respectfully overrules the petitioner's objections.

It is therefore ordered that respondents' motion for summary judgment is granted and the petition is dismissed with prejudice.

IT IS SO ORDERED.

March 23, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge